IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-132-BO
No. 7:12-CV-204-BO

| ANTHONY JEROME WARD | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Ward, contends that he is no longer a career offender in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Ward's motion to vacate. Mr. Ward has failed to respond to the motion to dismiss.

## BACKGROUND

Mr. Ward was sentenced by this Court on July 28, 2010, to a term of 144 months' imprisonment following his plea of guilty to charges of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 and possession with intent to distribute a quantity of crack cocaine, cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1). Mr. Ward did not file a direct appeal. Mr. Ward filed the instant § 2255 motion with the Court on July 17, 2012.

## DISCUSSION

The government contends, *inter alia*, that Mr. Ward's motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1)

the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Mr. Ward's petition was filed well-beyond one year from the date his judgment became final, and is therefore untimely under § 2255(f)(1). Mr. Ward's motion is also untimely under § 2255(f)(3), as the rule announced in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), upon which the *Simmons* court and therefore Mr. Ward's § 2255 petition must rely to be deemed timely, is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 561 (4th Cir. 2012). Nor is Mr. Ward's petition timely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. Ward has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4).

As the Court is unaware of any other basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court next considers Mr. Ward's request that the

2

statute of limitations period be equitably tolled. *See Rouse v. lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order for equitable tolling to apply, Mr. Ward must present extraordinary circumstances beyond his control that prevented him from filing his petition within the applicable time period. *Id.* Even if the *Simmons* decision were to provide the extraordinary circumstance beyond Mr. Ward's control such that equitable tolling could be warranted, Mr. Ward has not demonstrated the reasonable diligence required to be entitled to such relief. *See Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010) (a petitioner must demonstrate that he has pursued his rights with reasonable diligence to be entitled to equitable tolling of the statute of limitations). Mr. Ward filed his petition nearly one year after the en banc decision in *Simmons*; without any showing by Mr. Ward of any other impediment to his ability to file his petition with reasonable diligence, the Court concludes that equitable tolling is not warranted in this case. The Court must therefore dismiss Mr. Ward's petition as untimely.

Furthermore, as Mr. Ward's *Simmons* claim relates only to the application of the career offender enhancement under the sentencing guidelines, his claim would not be cognizable under § 2255 even if it were deemed timely. Generally, errors in the application of the sentencing guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Powell*, 691 F.3d at 563 n.2 (King, J. dissenting in part and concurring in the judgment in part) ("defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri* to obtain § 2255 relief"). Accordingly, a claim by Mr. Ward that *Simmons* would foreclose the application of the career offender enhancement to his sentencing guidelines range would not be cognizable on a § 2255 petition, as the sentence

3

imposed was not greater than his statutory maximum.

However, Mr. Ward was also determined at sentencing to be an armed career criminal pursuant to 18 U.S.C. § 924(e) (ACCA). Although the government has waived its statute of limitations defense in other cases before this Court in which *Simmons* has affected a petitioner's ACCA sentence, the government does not waive its defense here, relying, *inter alia*, on the concurrent sentence doctrine. *See United States v. Truong Dinh Hung*, 629 F.2d 908, 931 (4th Cir. 1980) (Russell, J., concurring and dissenting) ("The concurrent sentence rule provides that where a defendant receives concurrent sentences on plural counts of an indictment and where the conviction on one count is found to be good, a reviewing court need not pass on the validity of the defendant's conviction on another count"); *see also* United *States v. Griffin*, 652 F.3d 793, 802 n.4 (7th Cir. 2011). Because the Court finds that Mr. Ward's petition is untimely, it need not consider wether the concurrent sentence doctrine would apply here, but in light of the potential effect of *Simmons* on Mr. Ward's statutory maximum sentence for his § 922(g) conviction, the Court will grant Mr. Ward a certificate of appealability on this issue.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a

4

constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the issue of timeliness is debatable in light of the potential effect of *Simmons* on Mr. Ward's applicable statutory maximum and minimum on his § 922(g) conviction. Accordingly, a certificate of appealability is GRANTED.

CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 33] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 30] is DISMISSED. A certificate of appealability is GRANTED as to the issue of timeliness in light of the potential

5

effect of *Simmons* on petitioner's applicable statutory maximum and minimum sentences.

SO ORDERED, this ~~6~~ day of ~~October~~ November, 2012.

                                              TERRENCE W. BOYLE  
                                              UNITED STATES DISTRICT JUDGE