IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-132-BO
No. 7:16-CV-140-BO

| | | |
|---|---|---|
| ANTHONY JEROME WARD | ) | |
|     Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On June 7, 2016, the court of appeals granted authorization for petitioner to file this second or successive petition rasing a claim relying on *Johnson v. United States*, 135 S. Ct. 2551(2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016).

## BACKGROUND

Mr. Ward was sentenced by this Court on July 28, 2010, to a term of 144 months' imprisonment following his plea of guilty to charges of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 and possession with intent to distribute a quantity of crack cocaine, cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1). Mr. Ward was specifically sentenced to concurrent terms of 144 months' imprisonment on each count. Mr. Ward was determined at sentencing to be classified as an armed career criminal under 18 U.S.C. § 924(e).

## BACKGROUND

Mr. Ward contends, and the government agrees, that he is no longer properly classified as an armed career criminal in light of *Johnson*, in which the Supreme Court held that the residual

clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. The Court agrees. Although the government requests that the Court decline to hold a resentencing hearing, and rather that the Court merely correct Mr. Ward's sentence on count one as his sentence on count two could remain unchanged, having determined that Mr. Ward's sentence on count one is unlawful, the Court in its discretion will hold a full resentencing hearing in this case. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). Review of Mr. Ward's presentence report reveals that the armed career criminal enhancement drove his advisory sentencing guidelines range calculation, and thus the advisory range must be recalculated without the now unlawful enhancement. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

## CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 [DE 61] is GRANTED. Petitioner's sentence on count one is hereby VACATED and a resentencing hearing shall be set by separate notice.

SO ORDERED, this __3__ day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE